**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2277
_____

HENRY UNSELD WASHINGTON,

Appellant

v.

ROBERT GILMORE, Warden; TRACY SHAWLEY, Warden's Assistant;
S.P. DURCO, RHU Commander; P.E. BARKEFELT, RHU Lieutenant;
A.J. MORRIS, Lieutenant; C. WILLIAMS, Lieutenant; G. CRABLE, Sergeant; J.M.
SMITH, Sergeant; ROBERT NELSON, Corrections Officer; T.S. OSWALD, Corrections
Officer; L. COMER, Corrections Officer; T.I. BENNETT, Property Officer/Corrections
Officer; R. HENDRICKS, Corrections Officer; J. CODDY, Corrections Officer;
J. HEGETER, Corrections Officer; D. FARRIER, Corrections Officer;
M. STUMP, Corrections Officer; G. TAIT; J.D. SUHAN, Corrections Officer; IRMA
VIHLIDAL, Health Care Administrator; B. JIN, Medical Director; M. PARK; Doctor; P.
DASCANI, Doctor; M. COMER, P.A.; E. MATTES, P.A.; E. MWUARA, P.A.;
P. DENNISON, Corrections Officer

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2:15-cv-01031)
District Judge: David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 26, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Opinion Filed: January 27, 2025)

## OPINION[*]

AMBRO, *Circuit Judge*

Henry Washington is an inmate in the custody of the Pennsylvania Department of Corrections (the DOC). He alleges, among other things, that Irma Vihlidal, the Corrections Health Care Administrator, violated his Eighth Amendment rights by failing to address his complaints about the quality of his medical care. A magistrate judge recommended that the District Court enter summary judgment for Vihlidal. Washington did not object to that report and recommendation (the R&R), so the District Court adopted it in full without additional explanation. Because we agree that there is no genuine factual dispute about whether Vihlidal was deliberately indifferent to Washington's serious medical needs, we affirm.

### I.    Background

Washington is a diagnosed hypochondriac. To treat his hypochondria, the DOC enacted a plan to ensure a clinician visited him every two weeks. In addition to those scheduled visits, the DOC also allows him to submit sick-call requests. This meant he was often seen by a clinician once a week, if not more. Although Washington's doctors never detected serious medical issues during their visits, he repeatedly complained about the quality of his care. Vihlidal was the prison official responsible for reviewing and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

responding to his complaints. Her oversight was administrative, not medical, and involved tasks like reviewing Washington's complaints and discussing his care with medical staff.

Washington claims that Vihlidal met with him three times between 2009 and 2015 and failed to address his medical complaints adequately each time. According to Washington, these purported failures amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In July 2018, Vihlidal moved for summary judgment. The magistrate judge recommended that the District Court grant the motion because, among other things, "[t]here is nothing in the record that would lead a reasonable jury to find that . . . Vihlidal was not justified in believing that [Washington] was in capable hands."

Despite receiving an express warning from the magistrate judge that he must object to the R&R to preserve his appellate rights, Washington failed to do so. The District Court then adopted the R&R in full without additional reasoning. Washington now appeals the District Court's order to the extent that it entered summary judgment for Vihlidal.

## II. Discussion

Because Washington failed to object to the R&R and the District Court did not add any independent reasoning, we review that Court's order granting summary judgment for plain error. *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011); *see generally Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 193–94 (3d Cir. 2019) (noting we may review an order de novo if the District Court added independent reasoning).

3

To prove an Eighth Amendment deliberate-indifference claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to his or her medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (brackets omitted) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). "If a prisoner is under the care of medical experts," then "a non-medical prison official," like Vihlidal, "will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "This follows naturally from the division of labor within a prison." *Id.* "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.*

Washington points to no record evidence that Vihlidal knew or had reason to believe that his doctors were mistreating him. Claiming, without more, that a non-medical prison official "failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" is not enough to show deliberate indifference. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). But that is all Washington alleges. If anything, the record suggests that Vihlidal had every reason to believe Washington was receiving appropriate care—he received precautionary medical visits biweekly as well as frequent additional sick-call visits.

4

On this record, we cannot say the District Court plainly erred in holding that there is no genuine factual dispute about whether Vihlidal knew or had reason to believe Washington was being mistreated. We thus affirm.